GLADNEY, Judge.
This appeal is from the City Court of Natchitoches, Louisiana, wherein judgment was rendered condemning the defendant to pay plaintiff four months rent on an apartment.
The following agreed statement of facts govern this appeal:
“Clive Glover entered into a written lease with General Gas Corporation on a portion of the building owned by him on the East side of Washington Street in the City and Parish of Natchitoches, Louisiana, which written lease is filed in the record of this cause.
“That at the same time the written lease was entered into, an oral agreement was entered into by and between J. C. Chenevert, Sr., who was District Manager of General Gas Corporation, and Clive Glover, to the effect that an employee of General Gas Corporation at the local office in Natchitoches, Louisiana, would live in and occupy the rear portion of said building as living quarters, and that the rent would be $30.00 per month.
“That General Gas put in certain plumbing and did other work in order to make a livable apartment out of the rear of the building, and that one or the other of their employees did live in said apartment, and did pay $30.00 per month rent direct to Mr. Glover until J. C. Chenevert, Jr., moved out of the apartment on or about November 15, 1951, with the rent paid to December 1, 1951. That no rent has been paid for December, 1951, January, February or March, 1952.
“That when J. C. Chenevert, Jr., moved from the premises, he moved all of his property and effects, except a few items that he locked in a store room in one corner of the back of the building. That he placed a motor and some other stuff in this store room under lock and key, and retained the key.
“That when J. C. Chenevert, Jr., moved from the apartment, he did not notify Mr. Glover that he was moving, *263 but did notify his employer, General Gas.
“That the oral agreement between Clive Glover and General Gas with reference to the renting of the apartment was for the same term that the written lease covered, that is, it began at the same time and was to end the same date the written lease ended.
“That no one notified Clive Glover that J. C. Chenevert, Jr., was moving or had moved from the premises until ■approximately one month later, at which time J. C. Chenevert, Sr., and Mr. Glover discussed the matter by telephone when Mr. Glover called about his rent. Mr. Chenevert, Sr. assured him that he would be paid.
“That when Mr. J. C. Chenevert, Jr., moved from the premises, he obtained permission from the manager of the General Gas Company (sic) to store some of his things in the store room that he used.”
The first error assigned to the ruling of the court a quo is predicated on the understanding, or “agreement” as it is referred to in the stipulation, which authorizes employees of the General Gas Corporation to be housed in the apartment for a monthly rental of $30. Because of this understanding appellant argues that there was a contract between the landlord and General Gas Corporation and the. latter, rather than appellant, is responsible for any rent that may be due. We do not infer from the stipulation that there existed such a rental contract between the owner and the corporation. The evidence does not indicate intent or consent of the corporation to be responsible for the payment of rent which may be due by any of the apartment tenants, even though they be employees of the corporation. Without such consent an essential element to the validity of the contract is wanting. Article 1779 of the LSA-Civil Code. It is to be noted that the corporation did not collect from any of its employees rental payments, but such payments were made direct to the landlord by each tenant. More than likely, had the landlord considered the corporation liable for the rent the corporation would' have been made a party defendant in this suit. As Mr. Glover was one of the two parties to the conversation concerning the occupancy of the apartment he was, therefore, in a better position than appellant to judge the legal consequences thereof. That he did not sue the corporation indicates he believed it was not legally responsible. Accordingly, the first contention is resolved adversely to appellant.
Secondly, appellant urges that the appellee-landlord was duly and properly notified on or about December 15, 1951. We assume the effect of such notice, if valid, would limit the amount of rent due and unpaid by appellant to one month, the month of December. However, we do not agree that proper notice was given. Appellant asserts that about December 15, 1951, he notified by telephone the District Manager of the General Gas Corporation that he had moved from the apartment and that the latter so notified appellee. It is admitted that appellant himself gave no notice to lessor of his intention to move or that he had, in fact, moved. The notification through the District Manager of the General Gas Corporation is wanting in legal efficacy. The lease in question extended from month to month upon payment of monthly rent and until terminated by proper notice. Such notice under Article 2686 of the LSA-Civil Code is required to be given in writing at least ten days before the expiration of the month which has begun to run. Certainly, the telephone conversation cannot be said to be a compliance with the legal requirement.
Appellant’s position is further weakened by his failure to entirely vacate the premises. His continued use of a portion of the leased premises and retention of the keys thereto is inconsistent with his duty to restore the premises to the landlord in the same condition as when his occupancy commenced.
Our conclusion, therefore, is that the two defenses posed by appellant: first, that the contract was between the landlord and the General Gas Corporation, and secondly, that due and proper notice was given that appel *264 lant had vacated the premises, are without, merit and the judgment appealed from should he and is hereby affirmed at appellant’s cost.